**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLAIM WESTER and AMANDA F. WESTER, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOME SAVINGS MORTGAGE; MARQUIS TITLE; RECONTRUST COMPANY NA; COUNTRYWIDE HOME LOANS, INC; FIRST AMERICAN TITLE; KAREN MERKEL; and DOES 1-25 Corporations; DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>    Defendants. | 3:11-cv-486-RCJ-VPC<br><br>**ORDER** |

Defendants Countrywide Home Loans, Inc. ("Countrywide") and Recontrust Company, N.A. ("Recontrust") (collectively "Defendants") filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) and to expunge the lis pendens placed on the property. (Mot. to Dismiss (#9)). Because the foreclosure process was proper, Defendants' motion to dismiss and expunge lis pendens (#9) is granted.

**BACKGROUND[1]**

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Mot. to Dismiss (#9) at 3 n.2). The Court will take judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state

Plaintiffs William and Amanda Wester ("Plaintiffs") are the owners of real property located at 853 Moth Circle, Reno, Nevada 89506 (the "Property"). (Compl. (#1-1) at 2). On September 5, 2006, Plaintiffs obtained a $164,450.00 loan as a cash-out refinance from Home Savings Mortgage, which was secured with a deed of trust encumbering the Property ("Deed of Trust"). (Deed of Trust (#9-8) at 1-2). Plaintiffs received $43,677.59 in cash as a result of this transaction. (Mot. to Dismiss (#9) at 3). The Deed of Trust listed Home Savings Mortgage as the lender, Marquis Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary. (Deed of Trust (#9-8) at 2). Plaintiffs agreed in the Deed of Trust that MERS, as nominee, had the right to exercise legal title over the interests granted under the Deed of Trust in place of the lender, including the power to foreclose and sell the Property. (*Id.* at 3).

Plaintiffs subsequently defaulted on the loan secured by the Deed of Trust. (Mot. to Dismiss (#9) at 3). Recontrust executed a notice of default and election to sell on June 5, 2008, but later rescinded this notice of default on July 3, 2008. (Notice of Default (#9-10) at 1-2; Compl. (#1-1) at 4-5). On September 11, 2008, MERS substituted Recontrust as trustee in place of Marquis Title. (Substitution of Trustee (#9-9) at 1). Recontrust then recorded a notice of default and election to sell on September 17, 2008, and a notice of trustee's sale on May 20, 2009. (Compl. (#1-1) at 6). MERS assigned the Deed of Trust to BAC Home Loans Servicing, LP ("BAC"), formerly known as Countrywide Home Loans Servicing LP on February 25, 2011. (Assignment (#9-11) at 1). The same day, BAC executed a substitution of trustee, again replacing Marquis Title with Recontrust, which was recorded on March 1, 2011. (Substitution of Trustee (#9-12) at 1). Recontrust then recorded notices of trustee's sales on January 20, 2011; February 25, 2011; March 1, 2011; and July 12, 2011. (Compl. (#1-1) at 6-7; Mot. to Dismiss (#9) at 4; Notice of Trustee's Sale (#9-13) at 1). As of August 26, 2011, the Property had not yet been sold. (Mot. to Dismiss (#9) at 4).

On May 24, 2011, Plaintiffs filed their complaint in state court (which was later removed

agencies and other undisputed matters of public record under Fed. R. Evid. 201).

to this Court), alleging nine causes of action, including: (1) debt collection violations; (2) unfair and deceptive trade practices; (3) unfair lending practices; (4) violation of the covenant of good faith and fair dealing; (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (Compl. (#1-1) at 25-49). The day after this complaint was filed, Plaintiffs recorded a lis pendens on the Property. (Lis Pendens (#9-14)).

Defendants moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to expunge the lis pendens on August 26, 2011. (Mot. to Dismiss (#9)).

## LEGAL STANDARD

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citations omitted).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay,

3

bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants have filed a motion to dismiss all nine causes of action against them for failure to state a claim. (Mot. to Dismiss (#9)). As Plaintiffs have failed to state a claim on all of their causes of action, Defendants' motion to dismiss is granted.

In Plaintiffs' first cause of action for debt collection violations under NRS § 649.370, Plaintiffs have failed to state a claim because Defendants are not debt collectors as required by the statute. NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under this Act is a violation of Nevada law. For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010). A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.' " *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As Defendants here are foreclosing on the Property pursuant to a deed of trust, they do not qualify as "debt collectors" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.

Plaintiffs' second cause of action alleging unfair and deceptive trade practices in

violation of NRS § 598.0923 is also dismissed for failure to state a claim. Under the statute, a person engages in a deceptive trade practice when he or she knowingly conducts business without all required state, county or city licenses. NEV. REV. STAT. § 598.0923(1). The statute however explicitly states that the following activities do not constitute doing business in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. 80.015(1)(a), (g)-(h). Because Defendants in this mortgage case are not considered to have been doing business in Nevada, NRS § 598.0923 does not apply and consequently this cause of action is dismissed without leave to amend.

The Court additionally dismisses Plaintiffs' third cause of action for unfair lending practices under NRS § 598D.100 because the statute of limitations has run on this claim. Plaintiffs allege Defendants engaged in unfair lending practices by luring Plaintiffs into obtaining the loans based solely on the future equity of the home in violation of NRS § 598D.100. (Compl. (#1-1) at 28-30). An action "upon a statute for a penalty or forfeiture" has a two-year statute of limitations, unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and does not contain its own limitations period, and consequently the statute of limitations period on this claim is two years. *See* NEV. REV. STAT § 598D.110. As the loan was extended in 2006 and Plaintiffs did not file their complaint until 2011, the statute of limitations has run on this claim.

Plaintiffs have also failed to state a claim in their fourth cause of action for violation of the covenant of good faith and fair dealing. Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant

5

breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Defendants first allegedly violated the covenant of good faith and fair dealing by luring Plaintiffs into the initial loan by wrongfully declaring he qualified for the loan. (Compl. (#1-1) at 30). Yet to be actionable, the breach of the covenant must have occurred *after* the formation of the contract, not *before*. *Crow v. Home Loan Ctr., Inc.*, 2011 WL 3585466, at *3 (D. Nev. 2011). Plaintiffs also contend Defendants violated the covenant of good faith and fair dealing by offering Plaintiffs consideration for loan modifications, falsely telling them the foreclosures would be postponed. (Compl. (#1-1) at 30). Yet Plaintiffs provided no information that confirms the existence of a loan modification agreement or contract between the parties. *See Perry*, 900 P.2d at 338 (requiring the plaintiff to show the existence of a contract to state a claim for breach of the covenant of good faith and fair dealing). Finally, Plaintiffs argue Defendants violated the covenant of good faith and fair dealing by frustrating the legitimate purposes of the mortgage contract. (Compl. (#1-1) at 31). Foreclosing upon a loan where such foreclosure is permissible by law and the loan agreement does not deprive Plaintiffs of any justifiable expectations as they consented to the arrangement.

Plaintiffs have failed to state a claim under their fifth cause of action for violations of NRS § 107.080 because the foreclosure was proper. Countrywide and Recontrust had both been properly substituted as the lender and trustee respectively. (Assignment (#9-11); Substitution of Trustee (#9-9)). Although Recontrust filed a notice of default prior to being substituted as trustee, this notice of default was rescinded and was filed again after the proper substitution was made. (Compl. (#1-1) at 4-6). Furthermore, although BAC substituted Recontrust as trustee after the notice of default was filed on May 20, 2009, MERS had already substituted Recontrust as trustee on September 11, 2008, and because MERS was the nominee and given the right to exercise legal title over the interests granted under the Deed of Trust in place of the lender, this earlier substitution was valid. (Deed of Trust (#9-8) at 3). Because Defendants had been properly substituted and Plaintiffs were in default, the

6

foreclosure proceedings were not improper. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev. 2009) (finding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure).

The sixth cause of action for quiet title also fails because Plaintiffs are in default and have not alleged they have paid the debt owed. A quiet title action may be brought by a party who claims an adverse interest in the subject property. NEV. REV. STAT. § 40.010. Quiet title actions are equitable in nature and it is generally required that a party that seeks equity must do equity. *Transaero Land & Dev. Co. v. Land Title of Nevada, Inc.*, 842 P.2d 716, 718 (Nev. 1992); *MacDonald v. Krause*, 362 P.2d 724, 727 (Nev. 1961). For the plaintiff to do equity, it is generally required that the plaintiff tender the undisputed amount due on the note in order to challenge the validity of the foreclosure sale. *Davila v. BAC Home Loans Servicing, LP*, 2011 WL 3159146, at *2 (D. Nev. 2011). Quieting title to the Property would be inequitable here as Plaintiffs have failed to prove any of their other claims in the complaint. Plaintiffs have also defaulted on the loan and have failed to allege they have tendered or are willing to tender the amount owed on the debt.

Plaintiffs' seventh cause of action for fraud in the inducement and through omission fails because Plaintiffs have not alleged any fraudulent statements or omissions concerning the terms of the loan and because Plaintiffs have failed to satisfy the strict pleading requirements of Federal Rule of Civil Procedure 9(b). Under Nevada law, a claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the

identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Plaintiffs here have failed to allege any false statements or omissions that were material to the terms of the loan. Plaintiffs only allege that they were not made aware of the inner workings of the mortgage industry, which ultimately had no effect upon the loan agreement. As Plaintiffs have not alleged any false statements or omissions concerning the terms of the loan, they have failed to state a claim for fraud. Additionally, Plaintiffs' fraud allegations lack the specificity required by Rule 9(b) because Plaintiffs have failed to allege which Defendant committed what alleged fraud, and when and where these fraudulent actions took place. Therefore, the Court dismisses Plaintiffs' seventh cause of action without leave to amend.

The eighth cause of action for slander of title fails because the statements made by Defendants were not untrue. Plaintiffs allege that Defendants slandered their title by recording the notice of default knowing that they were unauthorized to foreclose and knowing the filed document was defective. (Compl. (#1-1) at 46-47). To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). Plaintiffs here do not deny they have defaulted under the note, and consequently the notice of default is not a false statement disparaging the title to the Property.

Plaintiffs have also failed to state a claim on their ninth and final cause of action for abuse of process because Plaintiffs have failed to allege any facts demonstrating that Defendants had an ulterior purpose in foreclosing, and because nonjudicial foreclosures are not considered "process" for the purposes of this tort. To prevail on a claim of abuse of process, the plaintiff must show that the defendant (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2) used the legal process in a manner that is not proper in the regular conduct of the proceeding. *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Yet Plaintiffs have plead no facts that would show the

Defendants had any ulterior motive in bringing the foreclosure action. The record shows that Defendants were legally authorized to foreclose and did so. Additionally, nonjudicial foreclosures are not the type of "process" the tort of abuse of process was meant to address because by its very definition it does not involve judicial action. *See Barlow v. BNC Mortg., Inc.*, 2011 WL 3841223, at *4 (D. Nev. 2011). Plaintiffs' ninth cause of action thus lacks merit and is dismissed without leave to amend.

Accordingly, the Court grants Defendants' motion to dismiss (#9) the complaint in its entirety without leave to amend. Moreover, the Court *sua sponte* dismiss all claims against the remaining defendants without leave to amend because Plaintiffs fail to state a claim against them.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss and expunge lis pendens (#9) is granted.

IT IS FURTHER ORDERED that the Court *sua sponte* dismisses the remaining defendants from this case without leave to amend.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 23rd day of February, 2012.

_____
United States District Judge